IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNY R. HUFF,

    Petitioner,

v.                                                              Civil Action No. **3:08CV257**

ATTORNEY GENERAL OF VIRGINIA, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Petitioner submitted this petition for a writ of habeas corpus. Petitioner is currently detained pending a civil commitment determination under Virginia's Civil Commitment of Sexually Violent Predators Act, Virginia Code §§ 37.2-900 *et seq.* Respondents have moved to dismiss on the grounds that, *inter alia*, Petitioner has failed to exhaust his available state remedies. Petitioner has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On June 29, 1990, the Circuit Court for Chesterfield County ("the Circuit Court") revoked a previously suspended sentence of taking indecent liberties with a child and ordered Petitioner to serve five years of that sentence.[1] Thereafter, Petitioner was convicted in the Circuit Court of sexual battery, four counts of aggravated sexual battery, attempted rape, forcible sodomy, and indecent exposure. On February 26, 1991, the Circuit Court sentenced Petitioner to a total of twenty-three years and six months for the above offenses.

---

[1] The Court has recited the procedural history of Petitioner's incarceration in *Huff v. Virginia*, No. 3:07cv691, 2008 WL 2674030 (E.D. Va. July 7, 2008) (hereinafter "*Huff I.*")

On December 5, 2007, Huff was paroled on his criminal sentences. Nevertheless, Petitioner remained detained pursuant to an order (hereinafter the "Hold Order") issued by the Circuit Court pursuant to section 37.2-906(A) of the Virginia Code directing that Petitioner remain in the custody of the Virginia Department of Corrections until a final order is entered on the determination of whether Petitioner is a sexually violent predator.[2] On January 9, 2008, the Circuit Court conducted the probable cause hearing required by section 37.2-906 of the Virginia Code and found that probable cause exists to believe that Petitioner is a sexually violent predator. Therefore, the Circuit Court continued Petitioner's detention. The trial on the matter of whether to civilly commit Petitioner as a sexually violent predator has been continued many times and is currently set for April 10, 2009.

On April 23, 2008, the Court received Petitioner's present federal petition for a writ of habeas corpus. In his petition, Petitioner lists eleven separate arguments as to why his detention is unlawful.

---

[2] The pertinent statute provides that:

> Upon the filing of a petition alleging that the respondent is a sexually violent predator, the circuit court shall (i) forthwith order that until a final order is entered in the proceeding, in the case of a prisoner, he remain in the secure custody of the Department of Corrections or, in the case of a defendant, he remain in the secure custody of the Department and (ii) schedule a hearing within 60 days to determine whether probable cause exists to believe that the respondent is a sexually violent predator.

Va. Code § 37.2-906(A).

## II. EXHAUSTION

Petitioner's current custody flows not from his criminal convictions, but from the Circuit Court's order to detain him pending resolution of the civil commitment proceedings. Prior to seeking federal habeas relief, Petitioner is required to exhaust his available state remedies. *See Huff I*, No. 3:07cv691, 2008 WL 2674030 at *2 (E.D. Va. July 7, 2008). "The burden of proving exhaustion lies with the petitioner." *Id.* (*citing Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)). "The United States Court of Appeals for the Fourth Circuit has admonished that, '[u]ntil the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.'" *Id.* at *2 (*quoting Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976)).

Petitioner contends that he exhausted his state remedies because on November 3, 2004, while still serving his criminal sentences, he filed a "motion for fair and speedy hearing" in the Circuit Court for the City of Richmond, wherein he demanded a prompt hearing on whether he was to be committed as a sexually violent predator.[3] (Petr.'s Return Resp. to Respts.' Motion to Dismiss 5.) "The Fourth Circuit has admonished that '[m]eaningful exhaustion is that which accords with the state's chosen procedural scheme.'" *Id.* at *3 (*citing Mallory*, 27 F.3d at 995.) "Thus, the exhaustion requirement is not satisfied when a claim is 'presented for the first and only time in a procedural context in which its merits will not be considered . . . .'" *Id.* at *3 (*quoting Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

---

[3] The Circuit Court for the City of Richmond dismissed the case with prejudice and concluded that Huff had failed to state a claim for relief, and that his case was legally and factually frivolous. *Huff I*, 2008 WL 2674030 at *3.

Petitioner's November 3, 2004 motion for fair and speedy hearing "was not a proper procedural vehicle for presenting challenges to Huff's present detention and the forthcoming commitment proceedings and, therefore, did not serve to exhaust available state remedies." *Id.* (*citing Castille*, 489 U.S. at 351; *Durkin*, 538 F.2d at 1042). Furthermore, as noted by Judge Payne:

> There are a number of avenues in the Virginia courts in which Huff may raise challenges to his current civil confinement. For example, Huff can raise his challenges in the pending civil commitment proceedings in the Circuit Court and any appeal therefrom. Additionally, Huff may file a petition for a writ of habeas corpus with the state courts.

*Id.* at *2 (*citing Jenkins v. Dir. of Va. Ctr. for Behavioral Rehab.*, 624 S.E.2d 453, 457-59 (Va. 2006)). Thus, Petitioner has failed to exhaust his available state remedies.

### III. CONCLUSION

Respondents' motion to dismiss (Docket No. 4) will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE for lack of exhaustion of state remedies.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: March 4, 2009
Richmond, Virginia