IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNY R. HUFF,

    Petitioner,

v.                                                                                                                 Civil Action No. 3:08cv257

ATTORNEY GENERAL OF VIRGINIA, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Petitioner Johnny R. Huff brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in April 2008. On March 4, 2009, the Court dismissed the petition without prejudice because Huff had failed to exhaust his available state remedies. (Docket Nos. 12, 13.)

Presently before the Court is Huff's "Motion to Rehear." (Docket No. 14.) The Court shall construe Huff's Motion to Rehear as a motion to alter or amend the judgment under Rule 59(e)[1] because it was filed on March 10, 2009, less than ten days after the entry of this Court's March 6, 2009 Memorandum Opinion and Order. *See Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) (holding Rule 60(b) inapplicable to motions served within ten days of entry of judgment).[2]

---

[1] "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[2] *See also MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting that the Fourth Circuit continues to apply *CODESCO* despite changes to Federal Rule of Appellate Procedure 4 regarding the tolling of time for appeal upon filing a motion for relief under Rule 60).

> The Fourth Circuit has stated that:
>
> While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

*Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quotation omitted).

Huff's Motion to Rehear does not assert an intervening change in law. Instead, it reasserts the same arguments made in his habeas petition and opposition to Respondent's motion to dismiss which, taken as a whole, appear to constitute an argument that manifest injustice has occurred. (Mot. to Rehear 1.) Rule 59(e) motions are not a tool with which a party may "rehash" the same arguments and facts presented at the time of judgment. *Wadley v. Park at Landmark*, No. 1:06cv777, 2007 WL 1071960, *2 (E.D. Va. Mar. 30, 2007). Thus, to the extent Huff seeks rehearing on the basis of a clear error of law or to prevent manifest injustice, or an intervening change in law, no such relief will be granted. No manifest injustice will result from this Court's Order dismissing Huff's petition, because the dismissal was without prejudice. (Order of March 4, 2009.) (Docket No. 13.)

Finally, Huff alleges that he "did file a writ of habeas corpus in Chesterfield to no avail so all state remedys have be[en] exhausted and the Court should hear this case." (Mot. to Rehear 1.)

However, Huff presents no evidence to this effect, states no reason for not making this argument earlier in these habeas proceedings, and does not indicate how this has any bearing on this Court's consideration of his habeas petition. Huff's claims remain unexhausted for the same reasons stated in the Court's March 4, 2009 Memorandum Opinion: his challenges to his detention must occur through his April 10, 2009 civil commitment trial and, if necessary, direct appeal therefrom to the Court of Appeals of Virginia and Supreme Court of Virginia. (March 4, 2009 Mem. Op. at 4 (*citing Huff v. Virginia*, No. 3:07cv691, 2008 WL 2674030, at *2 (E.D. Va. July 7, 2008).) (Docket No. 12.) Huff may then file a petition for a writ of habeas corpus in the state courts. *Id.* Huff's Motion to Rehear is therefore DENIED.

Let the Clerk send a copy of this Memorandum Order to Petitioner, counsel for Respondents, and the Clerk of the United States Court of Appeals for the Fourth Circuit.

It is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 4/28/09